UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-12112-GAO

DALE CRANDALL, TRUSTEE OF CRANDALL REALTY TRUST,
Plaintiff,

v.

TRAVELERS PERSONAL SECURITY INSURANCE CO.,
Defendant.

OPINION AND ORDER
January 18, 2024

O'TOOLE, D.J.

The plaintiff, Dale Crandall, Trustee of Crandall Realty Trust, commenced this action against the defendant, Travelers Personal Security Insurance Co., in Middlesex Superior Court, alleging breach of contract (Count I), negligence with respect to the defendant's advice about the appropriate type of insurance the plaintiff should carry (Count II), and a violation of Massachusetts General Laws Chapter 93A for its improper interpretation of the contract language (Count III). The defendant timely removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). The plaintiff now moves to remand, arguing that the case does not satisfy the amount-in-controversy requirement for this Court to exercise diversity of citizenship jurisdiction under § 1332(a).

According to the allegations in the complaint, the plaintiff is trustee of the trust that owns real estate in North Billerica, Massachusetts that includes a home and an additional structure. The real estate carried property and casualty coverage with the defendant with a coverage limit of $64,700 for the additional structure. During the coverage period, a pipe in the additional structure burst, causing damage in excess of the coverage limit, but the defendant declined to extend

coverage for the loss. It denied coverage based on language in the policy providing that it would not cover structures "rented or held for rental to any person not a tenant of the dwelling." (Notice of Removal, Ex. A, at 6 (dkt. no. 1-1).) The damaged structure, however, was not "rented or held for rental" at the time of loss.

A defendant is entitled to remove a state court action to federal court pursuant to 28 U.S.C. § 1446(a) if there is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy includes statutorily authorized attorneys' fees and multipliers of damages, such as the treble damages provision in Chapter 93A. See, e.g., Santos v. Preferred Mut. Ins. Co., 21 F. Supp. 3d 111, 116 n.2 (D. Mass. 2014); Williams v. Litton Loan Servicing, No. CA 10-11866-MLW, 2011 WL 3585528, at *5 (D. Mass. Aug. 15, 2011). The defendant bears the burden of showing the federal court's jurisdiction to make removal permissible.

It is undisputed in this case that the parties are of diverse citizenship. The sole issue is whether the $75,000 amount in controversy has been met. Upon a review of the record, there is a reasonable probability[1] that if the plaintiff prevails on his claim, he could collect more than $75,000. The insurance coverage at issue is $64,700, close the jurisdictional threshold. Chapter 93A provides for treble damages, see Mass. Gen. Laws ch. 93A, § 9(3), which would push the total damages well beyond the requisite amount.[2] Under the circumstances, that is sufficient to justify federal jurisdiction over the claims. The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) has been satisfied.

---

[1] Implicit then is the conclusion that the defendant has also satisfied the less burdensome standard of a preponderance of the evidence.

[2] The complaint requests judgment in the amount of the policy coverage limit and demands triple damages, costs, and attorneys' fees pursuant to Chapter 93A.

The removal appears to have been proper. The Motion to Remand (dkt. no. 6) accordingly is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge